# ROUNDS *v.* CLOVERPORT FOUNDRY AND MACHINE COMPANY.

## ERROR TO THE COURT OF APPEALS OF THE STATE OF KENTUCKY.

No. 669.   Submitted February 23, 1915.—Decided April 19, 1915.

In an action *in personam* the state court has jurisdiction to issue an auxiliary attachment against the vessel whether or not the contract be of a maritime nature.

While a proceeding *in rem*, as one essentially against the vessel itself, is within the exclusive jurisdiction of the admiralty, an action *in personam* with concurrent remedy of attachment to secure payment of a personal judgment is within the jurisdiction of the state court even though such attachment, if auxiliary to the remedy *in personam*, runs specifically against the vessel under a state statute providing for a lien.

A specific attachment in a suit against the owners of a vessel for repairs made thereto, under the lien provisions of §§ 2480–2486, Kentucky statutes, *held* to be an auxiliary lien attachment in a suit *in personam* to protect the judgment and not a proceeding *in rem* and the case was, therefore, within the jurisdiction of the state court.
159 Kentucky, 414, affirmed.

THE facts, which involve the construction and validity of the laws of the State of Kentucky, relating to liens on vessels for repairs and the jurisdiction of the state court to enforce such liens, are stated in the opinion.

*Mr. William T. Ellis,* for plaintiffs in error, submitted:

Admiralty jurisdiction is not of obvious principle, or very accurate history. *Atl. Trans. Co.* v. *Imbrovek,* 234 U. S. 39; *The Blackheath,* 195 U. S. 365.

This is a suit on a contract and this court has jurisdiction. *The Philadelphia* v. *Towboat Co.,* 23 How. 209; *Alt. Trans. Co.* v. *Imbrovek,* 234 U. S. 59.

The state courts had no jurisdiction. *Brookman* v. *Hamill,* 34 N. Y. 554; *The General Smith,* 4 Wheat. 436; *Pelham* v. *Schooner Woolsey,* 3 Fed. Rep. 457; *Terrell* v. *Schooner Woolsey,* 4 Fed. Rep. 552; Kentucky Statutes, 2480; *Knapp* v. *McCaffrey,* 177 U. S. 640; *The Robert W. Parsons,* 191 U. S. 17.

This court is the sole judge as to whether or not a Federal question is here involved. 205 U. S. 360; *Railway* v. *Taylor,* 210 U. S. 281; *Cohen* v. *Virginia,* 6 Wheat. 264.

This is a suit in equity and proceeding is against the steam-boat. Kentucky Civil Code of Practice, § 249.

The cases cited by counsel for defendant in error are not applicable to the facts of this case. *Roach* v. *Chapman,* 22 How. 129; *People's Ferry Co.* v. *Beers,* 20 How. 393; *The Winnebago,* 205 U. S. 355.

*Mr. Claude Mercer,* for defendant in error, submitted.

MR. JUSTICE HUGHES delivered the opinion of the court.

The Cloverport Foundry and Machine Company, the defendant in error, brought this suit against F. T. Rounds and S. A. Jesse, of Owensboro, Kentucky, in the Breckinridge Circuit Court of that State, to recover the sum of $5,668.65 for work and materials furnished under a contract to repair and rebuild a steamboat formerly known as the 'R. D. Kendall' and renamed the 'Golden Girl.' The defendants were the owners of the vessel. A specific attachment was issued under §§ 2480 to 2486 of the Kentucky Statutes which provided for a lien upon watercraft for work and supplies, etc., and the defendants procured a release of the boat by executing a forthcoming bond. By special demurrer, the defendants challenged the jurisdiction of the court to entertain the action upon the ground that the subject-matter was exclusively cognizable in the admiralty. The demurrer was overruled, and the defendants, reasserting the absence of authority in the court, answered denying the allegations of the petition and setting up a counter-claim for damages alleged to have been caused by defective work and by delay in completion. Upon the trial, the counter-claim was dismissed and the Company had judgment against the defendants for the amount demanded in its petition; it was further adjudged that, by virtue of the attachment and the applicable law, the plaintiff had a lien upon the vessel for the payment of the judgment and the vessel was ordered to be sold and the proceeds applied to the debt. The Court of Appeals of the State affirmed the judgment. 159 Kentucky, 414.

The question presented on this writ of error relates solely to the jurisdiction of the state court. It is contended by the plaintiff in error that the contract in suit was for repairs on the vessel and therefore was maritime in character; that the proceeding was *in rem* and beyond the

competency of the local tribunal. See *The Moses Taylor,*
4 Wall. 411; *The Hine* v. *Trevor,* 4 Wall. 555; *The Belfast,*
7 Wall. 624; *The J. E. Rumbell,* 148 U. S. 1; *The Glide,*
167 U. S. 606; *The Robert W. Parsons,* 191 U. S. 17; Act of
June 23, 1910, c. 373, 36 Stat. 604. On the other hand,
the defendant in error denies that the contract was mari-
time, contending that the old boat was dismantled, its
identity destroyed, and a new boat built, and that the
case in this aspect falls within the decisions relating to
contracts for the original construction of a vessel. *The
People's Ferry Co.* v. *Beers,* 20 How. 393; *Roach* v. *Chap-
man,* 22 How. 129; *Edwards* v. *Elliott,* 21 Wall. 532; *The
Winnebago,* 205 U. S. 354. Further, it is urged in support
of the judgment that the proceeding was *in personam,*
and not *in rem;* that the attachment and direction for sale
were incidental to the suit against the owners and for the
purpose of securing satisfaction of the personal judgment.
Accordingly, it is said, the proceeding was within the scope
of the 'common law remedy' saved to suitors by the
Judiciary Act. 1 Stat. 77; Rev. Stat., § 563; Judicial Code,
§ 24.

As the last point is plainly well taken, it is unnecessary
to go further. It is well settled that in an action *in per-
sonam* the state court has jurisdiction to issue an auxiliary
attachment against the vessel; and, whether or not the
contract in suit be deemed to be of a maritime nature, it
cannot be said that the state court transcended its au-
thority. The proceeding *in rem* which is within the ex-
clusive jurisdiction of admiralty is one essentially against
the vessel itself as the debtor or offending thing,—in
which the vessel is itself 'seized and impleaded as the
defendant, and is judged and sentenced accordingly.' By
virtue of dominion over the thing all persons interested
in it are deemed to be parties to the suit; the decree binds
all the world and under it the property itself passes and
not merely the title or interest of a personal defendant.

*The Mary,* 9 Cranch, 126, 144; *The Moses Taylor, supra; The Hine* v. *Trevor, supra; The Belfast, supra; The Glide, supra; The Robert W. Parsons, supra; The Josephine,* 39 N. Y. 19, 27. Actions *in personam* with a concurrent attachment to afford security for the payment of a personal judgment are in a different category. *The Belfast, supra; Taylor* v. *Carryl,* 20 How. 583, 598, 599; *The Robert W. Parsons, supra.* And this is so not only in the case of an attachment against the property of the defendant generally, but also where it runs specifically against the vessel under a state statute providing for a lien, if it be found that the attachment was auxiliary to the remedy *in personam. Leon* v. *Galceran,* 11 Wall. 185; see also *Johnson* v. *Chicago &c. Elevator Co.,* 119 U. S. 388, 398, 399; *Knapp, Stout & Co.* v. *McCaffrey,* 177 U. S. 638, 646, 648.

In the case of *Leon* v. *Galceran, supra,* the suit was *in personam,* in a court of the State of Louisiana, to recover mariner's wages. Under a statute of the State the vessel was subject to a lien or privilege in favor of the mariner; and accordingly at the beginning of the suit, on the application of the plaintiff who asserted his lien, a writ of sequestration was issued and levied upon the vessel which was afterwards released upon the execution by the owner, the defendant in the suit, of a forthcoming bond, with surety. Judgment was recovered by the plaintiff for the amount claimed, and the vessel not being returned, suit was brought in the state court against the surety. Upon writ of error from this court to review the judgment in the latter action, it was contended, with respect to the issue and levy of the writ of sequestration, that the vessel had been seized under admiralty process in a proceeding *in rem* over which the state court had no jurisdiction *ratione materiæ* and hence that the bond was void. The contention was overruled and the jurisdiction of the state court maintained. As this court said in *Johnson* v. *Chicago &c. Elevator Co., supra,* in reviewing *Leon* v. *Galceran, supra,*

it was held that 'the action *in personam* in the state
court was a proper one, because it was a common law
remedy, which the common law was competent to give,
although the state law gave a lien on the vessel in the
case, similar to a lien under the maritime law, and it was
made enforceable by a writ of sequestration in advance,
to hold the vessel as a security to respond to a judgment,
if recovered against her owner, as a defendant; that the
suit was not a proceeding *in rem*, nor was the writ of se-
questration; that the bond given on the release of the vessel
became the substitute for her; that the common law is as
competent as the admiralty to give a remedy in all cases
where the suit is *in personam* against the owner of the
property; and that these views were not inconsistent with
any expressed in *The Moses Taylor*, in *The Hine* v. *Trevor*,
or in *The Belfast.*'

The result of the decisions is thus stated in *Knapp,
Stout & Co.* v. *McCaffrey*, 177 U. S. 638, 646, 648. 'The
true distinction between such proceedings as are and such
as are not invasions of the exclusive admiralty jurisdiction
is this: If the cause of action be one cognizable in ad-
miralty, *and* the suit be *in rem* against the thing itself,
though a monition be also issued to the owner, the proceed-
ing is essentially one in admiralty. If, upon the other
hand, the cause of action be not one of which a court of
admiralty has jurisdiction, *or* if the suit be *in personam*
against an individual defendant, with an auxiliary attach-
ment against a particular thing, or against the property
of the defendant in general, it is essentially a proceeding
according to the course of the common law, and within
the saving clause of the statute (§ 563) of a common law
remedy.'

In the present case, as we have said, the suit was *in
personam* and the attachment was in that suit. It had no
other effect than to provide security for the payment of
the personal judgment which was recovered, and it was

for the purpose of satisfying this judgment that, in the same proceeding and by the terms of the judgment, the vessel was directed to be sold. It was within the scope of the common law remedy to sell the property of the judgment debtors to pay their debt. We are not able to find any encroachment upon the exclusive jurisdiction vested in the Federal court in admiralty.

*Judgment affirmed.*