## In re COOKE et al.

No. 1196–KA.

First Division. Ketchikan.

Nov. 9, 1929.

W. L. Paul, of Juneau, for petitioners.
A. H. Ziegler, of Ketchikan, for respondents.

HILL, District Judge.

Gilbert Cooke and Roy Williams petitioned for a writ of review to review the judgment rendered against them by the United States commissioner and ex officio justice of the peace for Craig precinct, in favor of Mr. Josephson, manager of Seacoast Packing Co. The petition was granted, a writ issued, and a return and further return made. The plaintiffs on review complained of eight errors alleged to have been committed in the rendition of the judgment against them. They first claim that the justice of the peace had no jurisdiction because the action is against a boat and is maritime in character and cognizable only in admiralty. The complaint in the justice court was entitled, "Seacoast Pk. Co., M. Josephson manager, plaintiff, versus Gilbert Cooke and Roy Williams gas boat Age of Reason and the owners of the same, defendants." If the title stood alone, it would afford some ground for the contention of the plaintiffs on review, Gilbert Cooke and Roy Williams. But the allegation of the complaint is:

"That on several dates during the last mentioned period the plaintiff has sold on credit to the defendants for the gas boat Age of Reason groceries and supplies.

The title to the summons is as follows: "Seacoast Pk Co, M. Josephson manager, plaintiff, vs. Gilbert Cooke and Roy Williams owners of the gas boat Age of Reason, defendants"—and an affidavit for attachment and the judgment in the case are entitled the same as the summons.

An action may be brought in personam against the owner of a vessel, and the vessel may be attached as any other personal property. Rounds v. Cloverport Foundry, 237 U.S. 303, 35 S.Ct. 596, 59 L.Ed. 966.

It is apparent to me that this was an action in personam, and the fact that the complaint was unskillfully drawn does not seem to me particularly important, especially in view of the provision of our law that the complaint may be a mere account.

Paragraph 5 of the errors complained of in the petition for writ of review is as follows: "The plaintiff Seacoast Packing Company has no capacity to sue, it being a corporation and not alleging that it has paid its corporation tax; that there is no debt owing M. Josephson, manager, there being no assignment to him from the Seacoast Packing Company."

And paragraph 6 is as follows: "The record owners of the gas boat Age of Reason are Roy Williams and Jim Cooke, the latter being deceased with no administration upon his estate, and yet the Commissioner refused to release said gas boat but held the same under process and sold the same under execution to satisfy an alleged debt of Gilbert Cooke who owns no part of said gas boat."

There is nothing in the record aside from the allegations quoted to sustain any of those allegations, except the latter part of 5; and no evidence was offered to prove those allegations; and it is, to say the least, doubtful whether such evidence could have been introduced in this proceeding.

152

■ The complaint alleges that the Seacoast Packing Company sold certain groceries and supplies to the defendants and that the defendants have not paid for the same. There is no allegation that the Seacoast Packing Company ever assigned or in any way transferred its claim against the defendants to M. Josephson. Therefore the commissioner had no jurisdiction to render a judgment against the defendants in favor of M. Josephson. The mere fact, if it be a fact, that M. Josephson was at some time manager for the plaintiff, did not entitle him to have a judgment rendered against the defendants in his favor. Therefore the judgment will be set aside.

■ It is urged by the plaintiffs on review, Gilbert Cooke and Roy Williams, that the writ of attachment levied upon the gas boat Age of Reason was totally void, for the reason that no undertaking was filed with the justice of the peace as required by section 969, C.L.A. The return of the commissioner bears the following notation:

"A certified check for $500.00 was accepted in this case in lieu of bonds. Said check has been returned.

"[Signed]   H. S. Bagley."

This notation does not appear as a docket entry in the case, and there is nothing in the return to show that any attachment bond was ever filed by plaintiffs in the original suit. It is not a sufficient compliance with section 969 to hand the commissioner a certified check. Before property can be taken under a writ of execution, its owners are entitled to have section 969 strictly complied with. In the instant case, according to the commissioner, he has returned that check. What recourse have the defendants in this case now? What was there of record at any time to indicate the exact terms upon which said $500 was deposited; and how could the defendants have taken advantage of that deposit, had the attachment been wrongful? These three questions indicate some of the reasons why a bond is required; and a deposit of money or a certified check with the commissioner is not a sufficient compliance with

the requirements of the statute. The writ of attachment in the action reviewed was not properly issued. But the defendants (plaintiffs on review) have made no motion against the writ of attachment, which they could have done any time before judgment. Their right to attack the writ of attachment was a right which they could waive and which should have been exercised in the court that issued the writ.

If the attached property did not belong to the defendants, its owners have a plain remedy outside of this proceeding.

The plaintiffs on review may prepare and present to this court a writ of mandate directed to the United States commissioner, Craig precinct, First division, territory of Alaska, requiring him to set aside the judgment in "Seacoast Pk Co, M. Josephson manager, plaintiff, versus Gilbert Cooke and Roy Williams owners of the gasboat Age of Reason, defendants," and permit the defendants Gilbert Cooke and Roy Williams to appear and present such defense as they may have against the claim of the Seacoast Packing Company as set forth in its complaint and allow said defendants to make such motion as they may see fit against the attachment.