[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S APPLICATION FOR PREJUDGMENT REMEDY
The plaintiff applied for a prejudgment remedy in the amount of $780,000 and sought to attach the defendants' interests in jointly owned real estate and a vessel owned by the defendant Robert Benson solely (hereinafter Benson). Probable CT Page 7766 cause was found to sustain the validity of the plaintiff's claim (on guaranties signed by both defendants of a promissory note). Benson claims however that the vessel, being federally documented, was not subject to this court's jurisdiction, arguing that sole jurisdiction over such a vessel in an in rem action must inhere only in a federal court, sitting in admiralty. The court ordered a prejudgment remedy of attachment as to the real estate, and requested that briefs be filed on the jurisdiction issue.
Benson principally argues that since the vessel is federally documented, it is subject to the sole and exclusive jurisdiction of the federal courts sitting in admiralty. In F. T. Rounds, et al v. Cloverport Foundry Machine Company,237 U.S. 303 (1915), Cloverport performed work on the vessel and attached it in an in personam suit for damages against the vessel's owners in the Kentucky state court. Kentucky state Law allowed such an attachment lien, and when judgment was rendered for Cloverport, the vessel was ordered sold, and the proceeds applied to the debt. The Kentucky Court of Appeals affirmed the judgment, 159 KY 414, 167 S.W. 384, and the owners appealed to the United States Supreme Court, attacking the state court's jurisdiction over the vessel, and made essentially the same argument Benson makes here; that the proceeding was in rem against the vessel, and therefore was embraced within a maritime claim which must be addressed in a federal court.
In Rounds v. Cloverport, supra, the Supreme Court rejected this claim, holding that a suit in personam against shipowners to recover for work (done on the vessel) in which the attachment of the vessel was incidental to the suit, and for the purpose of securing satisfaction of the personal judgment, is not within the exclusive jurisdiction of the Federal courts, but is one which may be brought in a state court under the provisions of Judicial Code Section 24 (now 28 U.S.C. § 1333), saving to suitors the right of a common-law remedy.28 U.S.C. § 1333 provides in pertinent part: "The district courts shall have original jurisdiction, exclusive of the courts of the States, of:
(1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." The test of admiralty or maritime jurisdiction, as the plaintiff points out, ". . .lies in the subject matter of the contract or controversy involved, and not in the form of process involved, or the location." 2 C.J.S. Admiralty Section 7.
As this case involved a suit on a guaranty on a promissory note, independent of a claim inhering in the vessel CT Page 7767 itself, admiralty or maritime jurisdiction is not invoked. "It is well settled that in an action in personam the state court has jurisdiction to issue an auxiliary attachment against the vessel; and, whether or not the contract in suit be deemed to be of a maritime nature, it cannot be said that the state court transcended its authority." Rounds v. Cloverport, supra, 306. See also Friedell, Benedict on Admiralty, Vol. 1, Section 125 (7th Ed.). Moreover, there is no exemption from attachment provided for federally documented vessels in our statutory scheme. See General Statutes Section 52-278a, et seq.; Sections52-352a and 52-352b.
Benson also argues that General Statutes Section49-55, which provides for the imposition of a lien on an undocumented vessel by one who performed work on the vessel, is the sole and exclusive method of securing a lien on such vessel, and that since his vessel is documented, it is not subject to the court's jurisdiction. All Section 49-55 does is provide a lienor with the ability to obtain a possessory or non-possessory lien for work done on a non-documented vessel. The statute is clearly inapplicable to a creditor whose claim does not arise from work done on the vessel itself. Nor does it preclude a creditor with a claim against a vessel owner from resorting to Section 52-278, et seq. to secure a judgment obtained in an ancillary action for damages on a claim independent of the vessel itself, federally documented or not. This claim lacks merit, and the defendant's argument fails.
Benson next contends that although he, by his counsel, previously represented to this court the vessel was physically within this state's waters, he now states that the vessel was never within the state or its waters at the commencement of this proceeding. He therefore argues that the court may only order an attachment on property physically located within the territorial limits of the state; and, since the vessel is not within the state, a pre-judgment remedy by attachment on the vessel ". . . would constitute a nullity and would be a waste of this court's valuable time and resources." Defendant's Memorandum of Law, p. 12 (8/19/91). The defendant cites no authority for this proposition, and the court is not persuaded. If the defendant's view was correct, no attachment could ever be ordered as to movable, non-exempt personal property, whenever a defendant owner subject to the court's jurisdiction, asserts that the chattel is out of the state. See Hodge v. Hodge, 178 Conn. 308 (1979). The court also notes that a reading of the vessel documentation (defendant's Exhibit A to his memorandum of law) reveals that: (1) its home port is New York; (2) its owners reside in Mystic, Connecticut; (3) the vessel is registered in Connecticut; and (4) the federal certificate of documentation expired by its terms on May 31, CT Page 7768 1990, prior to the commencement of this action.
Accordingly, the plaintiff's application for a prejudgment remedy as to the vessel is granted, and the attachment of real estate previously granted in the amount of $725,000 is extended to include the vessel.
Teller, J.