37 F.3d 1499
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Kent Arland McNEIL, Petitioner-Appellant,
v.
MICHIGAN DEPARTMENT OF CORRECTIONS, Respondent-Appellee.
 No. 94-1147.
 United States Court of Appeals, Sixth Circuit.
 Oct. 3, 1994.
 
 Before: NELSON, SUHRHEINRICH and SILER, Circuit Judges.
 
 ORDER
 
 1
 Kent Arland McNeil, a pro se Michigan prisoner, appeals a district court judgment dismissing his petition for removal filed under 28 U.S.C. Sec. 1441, and his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking a declaratory judgment, a stay order, and class action status, McNeil sought removal of a prison administrative action to a "common law court of the United States" in his removal petition. A copy of a pleading raising nearly identical issues, entitled "Petition for Writ of Habeas Corpus," was also filed. The underlying administrative action, conducted by an officer of the Michigan Department of Corrections (MDOC), was a fact-finding hearing concerning the prison's rejection of a typewriter ordered by McNeil in violation of prison procedures. At the time he filed his federal petitions, McNeil was in the process of appealing a grievance filed over alleged rule violations in connection with the hearing. In his federal petitions, McNeil alleged that he is "under process in a foreign jurisdiction called the Department of Corrections political subdivision of the 'State of Michigan,' " that he has not waived his sovereign immunity as to that jurisdiction, and that, as a citizen of the United States, he is entitled to a trial in a common law court of the United States pursuant to the Seventh Amendment to the U.S. Constitution. Motions to intervene were filed by seven other Michigan state prisoners, all "citizens of the United States" and claiming that only the United States has jurisdiction over them.
 
 
 3
 The district court dismissed McNeil's petitions as frivolous pursuant to 28 U.S.C. Sec. 1915(d). The court found that McNeil had no right to a jury trial in his administrative dispute, that the administrative hearing was not a civil action pending in a state court so as to come within the removal statute, and that the federal courts had no jurisdiction to adjudicate the administrative action between the parties. The district court further found that McNeil had not demonstrated that he was in custody in violation of the Constitution or laws of the United States or that he had exhausted his state remedies as required before filing a habeas petition.
 
 
 4
 In his "amended writ of error," construed as his brief on appeal, McNeil alleges for the first time that the respondent's actions violated the International Private Rights Treaty, but neglects to state just how this treaty was violated. He has filed motions to proceed in forma pauperis on appeal and to transfer his administrative action. The would-be intervenors have not appealed the district court's judgment.
 
 
 5
 Upon review, we conclude that the district court did not abuse its discretion in dismissing McNeil's petitions as frivolous within the meaning of Sec. 1915(d). See Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). An action may be dismissed as frivolous under Sec. 1915(d) when the petitioner fails to present any issue with an arguable or rational basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).
 
 
 6
 McNeil did not argue the alleged violation of the International Private Rights Treaty (which he elsewhere calls the International Convention of Private Law) before the district court. Unless exceptional circumstances are present, this court normally will not address an issue not raised for the first time in the district court. See Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993). There are no exceptional circumstances in this case.
 
 
 7
 The district court properly found that McNeil does not have an arguable basis in law to support his removal petition. See 28 U.S.C. Sec. 1441. Moreover, McNeil is not entitled to "jurisdictional immunity" pursuant to the Foreign Sovereign Immunities Act, 28 U.S.C. Secs. 1602-1611, because, contrary to his assertion, neither McNeil nor the MDOC is a foreign state, or an agency or instrumentality of a foreign state, so as to come under that act. 28 U.S.C. Sec. 1603.
 
 
 8
 Because McNeil has no right to remove his administrative hearing to federal court, he has no right to trial by jury under the Seventh Amendment, which preserves this right only as to proceedings in courts of the United States. See Linton v. Great Lakes Dredge & Dock Co., 964 F.2d 1480, 1488-89 n. 16 (5th Cir.), cert. denied, 113 S.Ct. 467 (1992).
 
 
 9
 The district court properly dismissed McNeil's habeas petition as frivolous because he has not alleged that he is in custody in violation of the laws or Constitution of the United States. 28 U.S.C. Sec. 2254(a). In addition, he has not demonstrated that he has exhausted his state remedies as required before a habeas petition may be filed. 28 U.S.C. Sec. 2254(b) and (c).
 
 
 10
 Accordingly, we grant McNeil's motion for pauper status for the purpose of this review only. The motion for transfer is denied and the district court's judgment, entered on December 27, 1993, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.