DAVID L. ALLEN, Plaintiff-Appellant, v. NORMAN BROTHERS, INC., Defendant-Appellee.

Fifth District   No. 5—96—0077

Opinion filed March 14, 1997.—Rehearing denied April 17, 1997.

L. Thomas Lakin and Roy C. Dripps, both of Lakin Law Firm, P.C., of Wood River, for appellant.

Raymond L. Massey, James W. Erwin, and David S. Corwin, all of Thompson & Coburn, of St. Louis, Missouri, for appellee.

JUSTICE WELCH delivered the opinion of the court:

Plaintiff, David L. Allen, appeals from a judgment entered upon a jury verdict by the circuit court of Madison County in favor of defendant, Norman Brothers, Inc. Plaintiff had filed suit against defendant, seeking recompense and damages for injuries he suffered while employed by defendant as a second mate on a towboat owned, operated and controlled by defendant.

Plaintiff's complaint was addressed to two separate incidents, with three counts relating to each incident. Counts I and IV were

brought under a federal statute known as the Jones Act (46 U.S.C. § 688 (1982)) and alleged that plaintiff was injured while performing his duties of employment as a result of defendant's negligence in: failing to provide plaintiff a reasonably safe place in which to work; failing to provide plaintiff with adequate assistance; failing to warn plaintiff of the dangers in plaintiff's assigned work area; failing to supervise plaintiff; failing to inspect the vessel to see that it was not defective or unsafe; and failing to provide plaintiff with adequate equipment to safely perform his work. Counts II and V were brought under the general maritime law of the United States and alleged that defendant's vessel was unseaworthy for the same specific reasons enumerated in counts I and IV. Counts III and VI were also brought under the general maritime law of the United States and sought maintenance and cure for plaintiff's injuries.

Plaintiff did not demand a jury trial. In its answer to the complaint, defendant demanded a jury trial on all counts. Just before trial, plaintiff moved to strike defendant's jury demand for the reason that defendant has no legal right to a jury trial in a Jones Act or maritime case. The motion to strike was denied, and the cause proceeded to trial before a jury.

At the conclusion of the plaintiff's opening statement, a directed verdict was entered in favor of defendant on counts IV and V of the complaint, relating to the second incident and alleging claims under the Jones Act and for unseaworthiness. At the conclusion of the trial, the jury returned a verdict in favor of defendant on counts I and II but awarded plaintiff cure on count III in the amount of $14,500 and awarded plaintiff cure on count VI in the amount of zero.

Plaintiff appeals, arguing that the trial court erred in refusing to grant his motion to strike defendant's jury demand, that the jury's verdict in favor of defendant on counts I and II is against the manifest weight of the evidence, and that the jury's verdict in favor of plaintiff on count III is a compromise on the issues of liability and damages. We need only address the first of these issues because we reverse thereon and remand this cause for a new trial.

Defendant essentially concedes that no federal law, neither the Jones Act nor general maritime law, accords it a right to a trial by jury in state court. Defendant bases its right to a jury trial on the Illinois Constitution, which provides that "[t]he right of trial by jury as heretofore enjoyed shall remain inviolate." Ill. Const. 1870, art. II, § 5; Ill. Const. 1970, art. I, § 13. For reasons that we will explain, we do not agree that the Illinois Constitution guarantees a defendant a right to a jury trial on either the Jones Act claim, a purely statutory proceeding that does not provide for such a right, or on the maritime

claims of unseaworthiness and maintenance and cure, which have been traditionally tried to a court sitting without a jury.

■ The Jones Act, enacted in 1920, provides in pertinent part:

> "Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply ***." 46 U.S.C. § 688(a) (1982).

The Jones Act made applicable to seamen injured in the course of their employment the provisions of the Federal Employers' Liability Act (FELA) (45 U.S.C. §§ 51 through 60 (1988)), which gives to railroad employees a right of recovery for injuries resulting from the negligence of their employer, its agents, or its employees. *O'Donnell v. Great Lakes Dredge & Dock Co.*, 318 U.S. 36, 38, 87 L. Ed. 596, 599, 63 S. Ct. 488, 490 (1943). The Jones Act adopts the entire judicially developed doctrine of liability of the FELA. *American Dredging Co. v. Miller*, 510 U.S. 443, 455, 127 L. Ed. 2d 285, 298, 114 S. Ct. 981, 989 (1994). State and federal courts have concurrent jurisdiction over Jones Act claims. 45 U.S.C. § 56 (1988).

■ Prior to the enactment of the Jones Act, men employed upon a ship were without a remedy in damages for negligence beyond their cure and maintenance, unless the injury was a consequence of the unseaworthiness of the ship or a defect in her equipment. *Warner v. Goltra*, 293 U.S. 155, 157, 79 L. Ed. 254, 256-57, 55 S. Ct. 46, 47-48 (1934). The maritime law gave to seamen no right to recover compensatory damages for injuries suffered from negligence. *O'Donnell*, 318 U.S. at 40, 87 L. Ed. at 600, 63 S. Ct. at 491. The law allowed recovery only if the injury resulted from the unseaworthiness of the vessel or her tackle, a matter of strict liability, and permitted recovery for maintenance and cure, ordinarily measured by wages and the cost of reasonable medical care. *O'Donnell*, 318 U.S. at 40, 87 L. Ed. at 600, 63 S. Ct. at 491. However, no right to recover for personal injuries as a result of negligence had existed prior to the enactment of the Jones Act. The Jones Act created in the seaman a new cause of action at law for personal injuries arising by reason of the employer's negligence, a cause of action not previously available to the seaman. *Brown v. C.D. Mallory & Co.*, 122 F.2d 98, 101 (3d Cir. 1941).

■ The Jones Act has been construed repeatedly by federal courts to allow only the plaintiff the right to elect a trial by jury. *Rachal v. Ingram Corp.*, 795 F.2d 1210, 1213 (5th Cir. 1986); *Craig v. Atlantic Richfield Co.*, 19 F.3d 472, 476 (9th Cir. 1994). In *Craig*, the court

stated: "The plain language of the Jones Act gives a plaintiff the option of maintaining an action at law with the accompanying right to a jury trial. The Act makes no mention of a defendant." (Emphasis omitted.) *Craig*, 19 F.3d at 476. Accordingly, the Jones Act confers on a defendant no right to a trial by jury. (As defendant points out, a defendant does have a right to trial by jury in Jones Act cases brought in federal court where federal jurisdiction is based on diversity of citizenship. This right to a jury trial is based on the seventh amendment to the United States Constitution, which provides that in all suits at common law, where the value in controversy exceeds $20, the right of trial by jury shall be preserved. This constitutional provision has been interpreted to extend beyond the common law forms of action recognized at the time the Bill of Rights was adopted and accordingly applies to even statutory causes of action, such as Jones Act claims where the amount in controversy and diversity requirements are satisfied. See *Martin v. Heinold Commodities, Inc.*, 163 Ill. 2d 33 (1994). The seventh amendment does not apply to suits brought in state court. *Minneapolis & St. Louis R.R. Co. v. Bombolis*, 241 U.S. 211, 217, 60 L. Ed. 961, 961-63, 36 S. Ct. 595, 596 (1916). In any event, the Jones Act itself confers on defendant no right to a jury trial.)

Defendant argues, however, that the Illinois Constitution, which provides that "[t]he right of trial by jury as heretofore enjoyed shall remain inviolate" (Ill. Const. 1870, art. II, § 5; Ill. Const. 1970, art. I, § 13), guarantees him a right to a trial by jury even in a Jones Act case, if brought in this state. However, as our supreme court pointed out in *Martin v. Heinold Commodities, Inc.*, 163 Ill. 2d 33, 72 (1994), the right protected by this constitutional provision is the right of trial by jury as it existed at common law. As the supreme court stated in *Martin*, "our constitution does not guarantee the right to a jury trial in any action nonexistent at common law, even if such action is legal in nature." *Martin*, 163 Ill. 2d at 72. The court further pointed out in *Martin*, "[The] constitutional provision has never been held to prohibit the legislature from creating new rights unknown to the common law and provide for their determination without a jury." (Emphasis omitted.) *Martin*, 163 Ill. 2d at 73. The court pointed out that the constitutional provision was not intended to guarantee trial by jury in special or statutory proceedings unknown to the common law. *Martin*, 163 Ill. 2d at 73. Thus, Illinois' constitutional right to a jury trial differs from that found in the federal Constitution. *Martin*, 163 Ill. 2d at 73.

In *Martin*, the issue was whether a right to trial by jury was guaranteed by the Illinois Constitution for causes of action brought under the Consumer Fraud and Deceptive Business Practices Act

(Consumer Fraud Act) (Ill. Rev. Stat. 1979, ch. 121$^1$/$_2$, par. 261 *et seq.*). The defendant argued that the nature of the controversy under the Consumer Fraud Act is money damages, a legal issue, and the Consumer Fraud Act is analogous to the common law action of fraud. The supreme court held that an action under the Consumer Fraud Act is a new statutory right created by the legislature, and as such, the constitution does not confer the right to a jury trial. *Martin*, 163 Ill. 2d at 76. The court found that the Consumer Fraud Act created a new cause of action different from the traditional common law tort of fraud, requiring different elements of proof. *Martin*, 163 Ill. 2d at 75. Accordingly, the Illinois Constitution does not confer the right to a jury trial for a claim under the Consumer Fraud Act. *Martin*, 163 Ill. 2d at 76. Because the statute itself does not provide such a right, no such right exists.

As we have explained, the cause of action created by the Jones Act did not exist at common law. It is a statutory proceeding unknown to the common law, and the Illinois Constitution does not guarantee a right to trial by jury in such an action. Instead, the provisions of the statute govern whether and to what extent there is a right to a jury trial. The Jones Act provides such a right only to the plaintiff/seaman. Accordingly, the defendant has no right to a jury trial in a cause brought under the Jones Act in an Illinois court.

We note that even if this were not so, the right to a jury trial in a case brought under the Jones Act is a matter of substance rather than procedure, and matters of substance are governed by federal law, while matters of procedure may be governed by state law. *Dice v. Akron, Canton & Youngstown R.R. Co.*, 342 U.S. 359, 363, 96 L. Ed. 398, 404, 72 S. Ct. 312, 315 (1952). Under federal courts' interpretations of the Jones Act, a defendant has no right to a trial by jury.

Nor does either party have a right to a jury trial with respect to plaintiff's general maritime claims of unseaworthiness and maintenance and cure. State courts have jurisdiction over general maritime claims solely by virtue of the "saving to suitors" clause of section 1333 of the Judiciary Act. 28 U.S.C. § 1333 (1988). That section provides that the United States district courts shall have original jurisdiction, exclusive of the courts of the states, of all civil cases of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled. The general maritime claims for unseaworthiness and maintenance and cure filed by the plaintiff in the case at bar are traditional admiralty claims which do not carry with them a right to a jury trial. *Fitzgerald v. United States Lines Co.*, 374 U.S. 16, 17, 10 L. Ed. 2d 720, 722, 83 S. Ct. 1646, 1648 (1963). Defendant cites to no case in which a jury trial

was allowed in a trial for unseaworthiness or maintenance and cure unless the claims were pendant to a Jones Act claim for which a jury trial was elected by the seaman/plaintiff. (*Western Stone Co. v. Whalen*, 151 Ill. 472 (1894), on which defendant relies, did not involve maritime claims of unseaworthiness and maintenance and cure and is therefore inapposite.) Jury trials are allowed in these maritime cases only where they are brought pendant to a Jones Act claim for which the plaintiff/seaman has elected a jury trial. See *Fitzgerald*, 374 U.S. at 18, 10 L. Ed. 2d at 723, 83 S. Ct. at 1649. Accordingly, the "saving to suitors" clause affords defendant no right to a jury trial in the case at bar.

■ We find no basis for defendant's claim of a right to jury trial in the instant action, either in federal law or in state law. The election whether to proceed before a jury was the plaintiff's, and the trial court erred in refusing to grant plaintiff's motion to strike defendant's jury demand. Defendant argues, however, that plaintiff was not prejudiced by the trial court's error and that reversal is not required. In *Fitzgerald v. United States Lines Co.*, 374 U.S. 16, 22, 10 L. Ed. 2d 720, 725, 83 S. Ct. 1646, 1651 (1963), a cause was remanded for a new trial because the seaman had been denied his right to a jury trial on his claim for maintenance and cure, brought pendant to his claim under the Jones Act. The Jones Act claim had been tried to a jury and the maintenance claim to the court. On appeal, the shipowner argued that on remand the maintenance claim would not be joined with a Jones Act claim and therefore could be tried without a jury. The Supreme Court disagreed, stating, "Our holding is that it was error to deprive the seaman of the jury trial he demanded, and he is entitled to relief from this error by having the kind of trial he would have had in the absence of error." *Fitzgerald*, 374 U.S. at 21-22, 10 L. Ed. 2d at 725, 83 S. Ct. at 1651. The Supreme Court required no showing of prejudice and neither do we. The differences between a jury trial and a nonjury trial in terms of trial preparation and trial practice and technique are so complex as to not allow for an analysis of prejudice but mandate that prejudice be assumed.

For the foregoing reasons, the judgment of the circuit court of Madison County is hereby reversed, and this cause is remanded for a new trial in accordance with this opinion.

Reversed and remanded.

KUEHN, P.J., and HOPKINS, J., concur.