SCOTT GIBBS, Plaintiff-Appellee, v. LEWIS AND CLARK MARINE, INC., Defendant-Appellant.

Fifth District    No. 5—97—1071

Opinion filed September 11, 1998.

Daryl F. Sohn and Teresa A. McNail, both of Goldstein & Price, L.C., of St. Louis, Missouri, for appellant.

Doug Mendenhall and Steve Selby, both of Smith, Allen, Mendenhall, Emons & Selby, of Alton, for appellee.

JUSTICE MAAG delivered the opinion of the court:

Plaintiff, Scott D. Gibbs, filed a complaint against defendant, Lewis & Clark Marine, Inc., alleging claims for negligence under the Jones Act (46 U.S.C.A. § 688 (West 1997)) and for unseaworthiness and maintenance and cure under the general maritime law. Plaintiff did not demand a jury. Defendant filed a timely answer and demanded a jury on all counts of the complaint. In its answer, defendant pleaded an affirmative defense to plaintiff's negligence and unseaworthiness claims, stating, "[I]f Plaintiff Scott G. Gibbs was injured as alleged, said injury was caused in whole or in part by the negligence of Plaintiff Scott G. Gibbs, including, among other respects[,] failing to exercise reasonable care for his own safety under the circumstances."

In June of 1997, plaintiff moved to strike defendant's jury demand, based upon this court's decision in *Allen v. Norman Brothers, Inc.*, 286 Ill. App. 3d 1091, 678 N.E.2d 317 (1997). Defendant opposed the motion to strike, but on July 11, 1997, the trial court granted plaintiff's motion, and the jury demand was stricken.

In October of 1997, defendant filed a motion to reconsider, raising the argument that section 53 of the Federal Employers' Liability Act (FELA) (45 U.S.C.A. §§ 51 through 60 (West 1986)), which has been incorporated into the Jones Act (46 U.S.C.A. § 688 (West 1997)), requires a jury trial on the issue of plaintiff's comparative fault.

On November 26, 1997, the trial court denied the motion to reconsider, based upon the determination in *Allen* that federal law does not provide a basis for a Jones Act defendant's claim to a jury trial in state court. Defendant then filed a motion to certify, pursuant to Supreme Court Rule 308 (155 Ill. 2d R. 308), asking the trial court to certify an immediate appeal of this issue. On December 5, 1997, the trial court entered an order certifying only the issue of whether section 53 of the FELA requires a jury trial on the issue of a Jones Act seaman's comparative fault. As required under Supreme Court Rule 308, the trial court also determined that there is a substantial ground

for difference of opinion on this issue and that an immediate appeal would materially advance the ultimate termination of the litigation.

The question certified for appeal is as follows: "Does the language of § 53 of the Federal Employers' Liability Act (FELA), 45 U.S.C.A. §§ 51 through 60 (1988), which is incorporated into the Jones Act, 46 U.S.C.A. § 688, require a jury trial on the issue of a Jones Act seaman's comparative fault?"

We will first review the decision in *Allen v. Norman Brothers, Inc.*, as background for the case at bar. Initially, it is important to note that the Jones Act made the provisions of the FELA applicable to seamen injured in the course of their employment. 45 U.S.C.A. §§ 51 through 60 (West 1986). "The Jones Act adopts the entire judicially developed doctrine of liability of the FELA." *Allen v. Norman Brothers, Inc.*, 286 Ill. App. 3d 1091, 1094, 678 N.E.2d 317, 318 (1997). State and federal courts have concurrent jurisdiction over Jones Act claims. *Allen*, 286 Ill. App. 3d at 1094, 678 N.E.2d at 318; 45 U.S.C.A. § 56 (West 1986). But there are real and substantive differences between a pure FELA claim and a Jones Act claim. Among these substantive differences are the provisions concerning jury trials.

The Jones Act has repeatedly been construed by federal courts to allow only the plaintiff the right to elect a trial by jury. *Allen*, 286 Ill. App. 3d at 1094, 678 N.E.2d at 319; *Rachal v. Ingram Corp.*, 795 F.2d 1210, 1213 (5th Cir. 1986); *Craig v. Atlantic Richfield Co.*, 19 F.3d 472, 476 (9th Cir. 1994). It is clear that the Jones Act does not confer on a defendant the right to a trial by jury. *Allen*, 286 Ill. App. 3d at 1094, 678 N.E.2d at 320.

Defendant acknowledges that this court, in *Allen*, determined that neither the Illinois Constitution nor federal constitutional or statutory law provides a basis for a Jones Act defendant's claim to a jury trial in state court. It states that this determination was based upon an interpretation, by this court and federal courts, of the following language contained within the Jones Act:

> "Any seaman who shall suffer personal injury in the course of his employment may, *at his election*, maintain an action for damages at law, with the right of trial by jury ***." (Emphasis added.) 46 U.S.C.A. § 688 (West 1997).

The language in section 688 has been repeatedly interpreted to provide only the plaintiff with a basis upon which to claim the right to a jury. See *Allen*, 286 Ill. App. 3d at 1094, 678 N.E.2d at 320 (and authorities cited therein). In the *Allen* decision, the court determined that a defendant does have a right to a trial by jury in Jones Act cases brought in federal court where federal jurisdiction is based on diversity of citizenship. This right to a jury trial is based on the seventh amend-

ment to the United States Constitution, which provides that in all suits at common law, where the value in controversy exceeds $20, the right of trial by jury shall be preserved. The *Allen* court stated that this constitutional provision has been interpreted to extend beyond the common law forms of action recognized at the time the bill of rights was adopted and accordingly applies to even statutory causes of action, such as Jones Act claims where the amount in controversy and diversity requirements are satisfied. The seventh amendment does not apply to suits brought in state court, and the Jones Act itself confers on defendant no right to a jury trial. *Allen*, 286 Ill. App. 3d at 1094, 678 N.E.2d at 320.

In *Allen*, the defendant claimed that the Illinois Constitution, which provides that "[t]he right of trial by jury as heretofore enjoyed shall remain inviolate" (Ill. Const. 1870, art. II, § 5; Ill. Const. 1970, art. I, § 13), guaranteed it a right to a trial by jury even in a Jones Act case, if brought in this state. However, the Illinois Supreme Court has noted that our constitution does not guarantee the right to a jury trial nonexistent at common law, even if such action is legal in nature. *Martin v. Heinold Commodities, Inc.*, 163 Ill. 2d 33, 72, 643 N.E.2d 734, 753 (1994) (court determined that action pursuant to Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 *et seq.* (West 1992)) is a statutory right created by the legislature, and as such, the constitution does not confer the right to a jury trial). The *Martin* court pointed out that the constitutional provision was not intended to guarantee a trial by jury in special or statutory proceedings unknown to the common law. Hence, Illinois' constitutional right to a jury trial differs from that found in the federal constitution. *Allen*, 286 Ill. App. 3d at 1095, 678 N.E.2d at 320.

Since the Jones Act is a statutory proceeding, unknown to the common law, the Illinois Constitution does not guarantee a right to a trial by jury. The provisions of the statute determine whether and to what extent there is a right to a jury trial. The Jones Act is clear that it provides such a right only to the plaintiff/seaman. Hence, the *Allen* court concluded that a "defendant has no right to a jury trial in a cause brought under the Jones Act in an Illinois court." *Allen*, 286 Ill. App. 3d at 1096, 678 N.E.2d at 321. Moreover, because the right or absence of a right to demand a jury is a matter of *federal substantive law*, the states (including Illinois) could neither grant nor refuse a defendant the right to demand a jury under state law if to do so would contravene federal law. *Cf. St. Louis Southwestern Ry. Co. v. Dickerson*, 470 U.S. 409, 84 L. Ed. 2d 303, 105 S. Ct. 1347 (1985). With this background, we come to the issue at hand.

At oral argument in this case, counsel for defendant was specifi-

cally asked whether an issue in this case was whether the defendant had a right to demand a jury based on the Illinois Constitution or the United States Constitution. Counsel stated that such a claim was not being made in this case. Counsel stated that the claimed right to a jury at issue in this case was based solely upon the terms of section 53 of the FELA. Hence, we will consider *only* that issue.

Defendant claims that in addressing the issue of a Jones Act defendant's right to a jury trial, neither this court nor the federal courts have considered the following language contained in section 53 of the FELA:

"[T]he damages shall be diminished *by the jury* in proportion to the amount of negligence attributable to such employee \*\*\*." (Emphasis added.) 45 U.S.C.A. § 53 (West 1986).

Defendant claims that the two statutes are inconsistent, and due to the aforementioned language in the FELA, defendant contends that it is entitled to a trial by jury if it so chooses. We disagree.

■ When there is an alleged conflict between two statutes, the court has the duty to construe the statutes in a manner that avoids inconsistency and gives effect to both statutes, where such an interpretation is reasonably possible. *McNamee v. Federated Equipment & Supply Co.*, 181 Ill. 2d 415, 427, 692 N.E.2d 1157, 1163 (1998). Moreover, "we apply the maxim of statutory construction that where there is a specific statutory provision, \*\*\* and where there is another general statutory provision, \*\*\* which relates to the same subject to which the specific statute relates, the specific statute controls over the general statute." *Village of Franklin Park v. Dickman*, 165 Ill. App. 3d 1012, 1014, 521 N.E.2d 101, 102 (1988).

■ In the instant case, it is clear that the Jones Act is more specific than the FELA. The Jones Act specifically provides for a jury trial "at his [the seaman's] election," whereas the FELA does not *expressly* provide for a jury trial.

Since the Jones Act contains its own limitations on jury trials and specifically states that only the plaintiff can demand a jury trial, and since the right to a jury trial under the FELA is only *implied*, the specific provisions of the Jones Act control in the case at bar. Such a construction is also *required* because obviously the Jones Act, by incorporating the FELA by reference, postdates the FELA. While the general provisions of the Jones Act adopt the FELA, the specific provisions grant the plaintiff *at his election* the sole right to seek a jury. It would be contrary to the express statutory language passed by Congress to hold that the jury provisions of section 53 of the FELA were adopted as part of the Jones Act. To the contrary, Congress adopted language absolutely inconsistent with the defendant's posi-

tion. The FELA was not incorporated in its entirety into the Jones Act. Rather the Jones Act's incorporation of the FELA adopted only the parts "fairly covered by the reference." *Panama R.R. Co. v. Johnson*, 264 U.S. 375, 392, 68 L. Ed. 748, 755, 44 S. Ct. 391, 396 (1924). The Jones Act "permits injured seamen to elect between varying measures of redress and between different forms of action without according a corresponding right to their employers." *Johnson*, 264 U.S. at 392, 68 L. Ed. at 755, 44 S. Ct. at 396. Hence, defendant is not entitled to demand a trial by jury in a Jones Act case based upon section 53 of the FELA.

The right to a jury trial brought under the Jones Act is a matter of substance rather than procedure, and matters of substance are governed by federal law, while matters of procedure are governed by state law. *Allen*, 286 Ill. App. 3d at 1096, 678 N.E.2d at 321; *Dice v. Akron, Canton & Youngstown R.R. Co.*, 342 U.S. 359, 363, 96 L. Ed. 398, 404, 72 S. Ct. 312, 315 (1952). FELA cases adjudicated in state courts are subject to state procedural rules, but the substantive law governing them is federal. *St. Louis Southwestern Ry. Co. v. Dickerson*, 470 U.S. 409, 411, 84 L. Ed. 2d 303, 306, 105 S. Ct. 1347, 1348 (1985). The United States Supreme Court in *Dickerson* determined that the measure of damages in an FELA case is an issue of "substance" determined by federal law. See also *Norfolk & Western Ry. Co. v. Liepelt*, 444 U.S. 490, 493, 62 L. Ed. 2d 689, 693, 100 S. Ct. 755, 757 (1980).

After reviewing the case law in this area, we are persuaded by the reasoning adopted by the Louisiana courts that have dutifully applied the federal law in this area and determined that a defendant is not entitled to a jury trial in a Jones Act proceeding tried in state court in Louisiana. See *Parker v. Rowan Cos.*, 599 So. 2d 296, 298 (La. 1992); *Heinhuis v. Venture Associates, Inc.*, 558 So. 2d 1244 (La. App. 1990).

For example, in *Parker*, an injured seaman brought suit seeking remedies based on unseaworthiness, maintenance and cure, and the Jones Act. The seaman requested a bench trial and later moved to strike the defendant's jury trial request. The district court granted the seaman's motion to strike the jury. The defendant sought a writ of review to the appellate court. The appellate court denied the writ. On a writ of *certiorari*, the Louisiana Supreme Court held that Jones Act claims are admiralty and maritime claims. The court further held that plaintiff seamen have the same exclusive choice of bench or jury trial in Jones Act cases in state court as prevails in federal court and that the article granting seamen such an election does not violate the supremacy clause, the seventh amendment, or essential features of substantive maritime law. In *Parker*, the court noted that injured sea-

men routinely couple their Jones Act injury claim with claims for unseaworthiness, wages, and maintenance and cure. When a suit is brought in federal court, the plaintiffs alone have the choice of a bench trial or a jury trial, depending upon the nature of their claims. If the plaintiff's claim is only cognizable in admiralty, the distinctive admiralty procedures apply, which, among other things, preclude the right to a trial by jury. If the claim could be brought in federal court on some other jurisdictional basis besides admiralty, for example, Jones Act or diversity, plaintiffs may choose whether to invoke the special admiralty procedures or whether to have the case tried as a nonmaritime civil action. The *Parker* court stated that in order to permit the invoking of admiralty procedures, Rule 9(h) of the Federal Rules of Civil Procedure requires the pleading to contain an express statement identifying the claim as an admiralty or maritime claim, thereby facilitating a choice of a bench trial. The Rule 9(h) election is not irrevocable, and the petition may be amended to add or withdraw the election. The *Parker* court then stated that "plaintiffs alone have control over whether the case is to be tried to a judge or a jury." *Parker*, 599 So. 2d at 298-99. The Jones Act is to be liberally construed to carry out its purpose, which was to enlarge admiralty's protection *to its wards*. Being an integral part of the maritime law, rights fashioned by it are to be implemented by admiralty rules not inconsistent with the Act. *Parker*, 599 So. 2d at 300, citing *Garrett v. Moore-McCormack Co.*, 317 U.S. 239, 248, 87 L. Ed. 239, 245, 63 S. Ct. 246, 252 (1942). The *Parker* court then made it clear that it is the plaintiff seaman's option to decide whether the case will be heard by a judge or a jury.

The United States Court of Appeals in *Linton v. Great Lakes Dredge & Dock Co.*, 964 F.2d 1480 (5th Cir. 1992), reiterated the rule that a Jones Act plaintiff can elect a nonjury trial in federal court either by (1) electing to sue in admiralty or (2) grounding his suit on federal question jurisdiction, *i.e.*, the Jones Act, and not requesting a jury. The *Linton* court also concluded that the Jones Act allows *the injured seaman* the sole right to elect either a nonjury trial or a jury trial in an action "at law" in a state court. If the plaintiff elects a nonjury trial in state court, there is no federal constitutional or federal statutory right enjoyed by the defendant to demand a jury in a state court action. *Linton*, 964 F.2d at 1490.

Moreover, we are also persuaded by the reasoning adopted by the California Court of Appeal in *Peters v. City & County of San Francisco*, 1995 A.M.C. 788 (Cal. App. 1994), wherein the plaintiff brought a negligence action against the defendant under the Jones Act. After a bench trial, a judgment was entered in the plaintiff's favor. The defendant appealed, claiming that it had a right to a jury trial. The *Peters*

court stated, in that Jones Act case: "[F]ederal statutory law applicable to personal injury of railway employees applies. (46 U.S.C. § 688(a).) As the Jones Act incorporates the law applicable to personal injuries suffered by railway employees—the Federal Employers' Liability Act ***—by reference ***, we find guidance in the rulings in F.E.L.A. cases as well as those decisions arising under the Jones Act itself." *Peters*, 1995 A.M.C. at 791. The *Peters* court reiterated that in actions brought pursuant to the FELA in state court, substantive rights are controlled by federal law and procedural matters are controlled by the law of the forum state. Additionally, the *Peters* court stated that the seventh amendment right to a jury trial has been held not to apply to actions brought under the FELA in state court. See also *Minneapolis & St. Louis R.R. Co. v. Bombolis*, 241 U.S. 211, 217-23, 60 L. Ed. 961, 963-65, 36 S. Ct. 595, 596-99 (1916); *Chesapeake & Ohio Ry. Co. v. Carnahan*, 241 U.S. 241, 242, 60 L. Ed. 979, 979, 36 S. Ct. 594, 594 (1916). We adopt the reasoning articulated by the *Peters* court. Hence, the degree to which an issue is governed by federal law turns on the *statute*, not the seventh amendment. *Peters*, 1995 A.M.C. at 792. The seventh amendment does not apply to Jones Act cases brought in state court. See *Bombolis*, 241 U.S. at 217-23, 60 L. Ed. at 963-65, 36 S. Ct. at 596-99; *Carnahan*, 241 U.S. at 242, 60 L. Ed. at 979, 36 S. Ct. at 594. The state constitutional right to a jury trial does not apply because the right to a jury trial is an issue of substantive law that turns on federal law alone. See *Peters*, 1995 A.M.C. at 792. There is no doubt that the right to a jury trial pursuant to the Jones Act is a statutory right and that it grants only the *plaintiff* the right to a jury trial. "The Jones Act defendant possesses no corresponding right to a jury trial." See *Peters*, 1995 A.M.C. at 792.

From the foregoing, we conclude that the reference to a "jury" in section 53 of the FELA confers no right on the defendant to demand a jury in a Jones Act case. Such a construction would contravene the plaintiff's expressly articulated right to elect a jury trial or nonjury trial in such cases.

It is fundamental that, in passing the Jones Act, Congress did not intend to convert a seaman's case wholly into a rail worker's case with no accommodation for special rules applicable to maritime cases. As Justice Cardozo stated:

"We do not read the act for the relief of seamen as expressing the will of Congress that only the same defaults imposing liability upon carriers by rail shall impose liability upon carriers by water. The conditions at sea differ widely from those on land, and the diversity of conditions breeds diversity of duties. This court has said that 'the ancient characterization of seamen as "wards of admiralty" is

even more accurate now than it was formerly.' " *Cortes v. Baltimore Insular Lines, Inc.*, 287 U.S. 367, 377, 77 L. Ed. 368, 374, 53 S. Ct. 173, 176 (1932).

To the extent that the Jones Act differs from the FELA, the differences are to be resolved in favor of the seamen. *Reed v. Iowa Marine & Repair Corp.*, 143 F.R.D. 648, 651 (1992); *see* 1(b) Benedict on Admiralty § 2, at 1—8, 1—9 (1991).

We are bolstered in our conclusions by the fact that the defendant has failed to cite a single case, either state or federal, which has adopted its position. The reason is clear.

For all of the foregoing reasons, plaintiff had the right to waive a jury trial in this matter, and he did so. Defendant had no right to choose otherwise.

Certified question answered.

GOLDENHERSH and HOPKINS, JJ., concur.