ROBERT W. HUTTON, Plaintiff-Appellee, v. CONSOLIDATED GRAIN AND BARGE COMPANY *et al.*, Defendants-Appellants.

Fourth District   No. 4—02—0437

Argued January 15, 2003.—Opinion filed May 23, 2003.—Modified on denial of rehearing July 28, 2003.

MYERSCOUGH, P.J., dissenting.

Ronald E. Fox (argued) and Greg Erickson, both of Fox Galvin, L.L.C., of St. Louis, Missouri, for appellants.

Hugh M. Talbert (argued) and Laura A. Cole, both of Talbert & Associates, P.C., of Alton, for appellee.

JUSTICE TURNER delivered the opinion of the court:

In July 2001, plaintiff, Robert W. Hutton, filed an action against defendants, Consolidated Grain and Barge Company, a corporation, and Consolidated Grain and Barge Company at Naples, a corporation, seeking relief under the federal Jones Act (46 U.S.C. app. § 688 (2000)). Defendants filed a jury demand, plaintiff moved to strike it, and the trial court granted the motion. In April 2002, the trial court made a finding under Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)) that no just reason existed to delay appeal of its order granting plaintiff's motion to strike defendants' demand for a trial by jury but also stated the following question was certified for appeal (see 155 Ill. 2d R. 308(a)): whether defendants, on proper demand, are entitled to a jury trial on a Jones Act case in the Illinois courts. Defendants appeal, arguing (1) their right to trial by jury is governed by Illinois law and guaranteed by the Illinois Constitution, (2) Congress has expressed an intent to extend the right to trial by jury to defendants in Jones Act cases, and (3) the striking of defendants' jury demand violates the equal protection clauses of the United States and Illinois Constitutions (U.S. Const., amend. XIV; Ill. Const. 1970, art. I, § 2). We answer the trial court's question in the affirmative and remand.

## I. BACKGROUND

■ In July 2001, plaintiff filed a complaint alleging negligence pursuant to the Jones Act and general maritime law and unseaworthiness pursuant to general maritime law and for damages pursuant to the Longshore and Harbor Workers' Compensation Act (33 U.S.C. § 905(b) (2000)). The Jones Act was passed to extend to seamen the same rights that had been extended to railroad workers in the Federal Employers' Liability Act (FELA) (45 U.S.C. §§ 51 through 60 (2000)) (*Panama R.R. Co. v. Vasquez*, 271 U.S. 557, 559-60, 70 L. Ed. 1085, 1087, 46 S. Ct. 596, 596 (1926)) and expressly incorporates by reference the rights and remedies of FELA. See 46 U.S.C. app. § 688(a) (2000) ("in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply"). In August 2001, defendants filed a notice of removal to the United States District Court for the Central District of Illinois. In January 2002, the United States District Court remanded the case to the Illinois circuit court for Scott County. *Hutton v. Consolidated Grain & Barge Co.*, No. 01—3272 (C.D. Ill. January 18, 2002) (remand order). In February 2002, defendants filed their answer to plaintiff's complaint and a demand for a trial by jury. In February 2002, plaintiff filed a motion to strike defendants' jury demand. In April 2002, the trial court granted plaintiff's motion to strike defendants' jury demand and made an express written finding pursuant to Rule 304(a) (155 Ill. 2d R. 304(a)) of no just reason for delaying appeal. This appeal followed.

## II. ANALYSIS

### A. Jurisdiction

■■ We first address whether this court has jurisdiction. See *In re C.B.*, 322 Ill. App. 3d 1011, 1012, 750 N.E.2d 1271, 1272 (2001) (appeal dismissed for lack of jurisdiction). Defendants failed to include in their brief a statement of jurisdiction as required by Supreme Court Rule 341(e)(4) (188 Ill. 2d R. 341(e)(4)). However, failure to provide a statement of jurisdiction is not fatal because it is not a necessary component of our jurisdiction. *Luttrell v. Panozzo*, 252 Ill. App. 3d 597, 600, 625 N.E.2d 695, 697 (1993). Defendants apparently bring this appeal pursuant to Rule 304(a) (155 Ill. 2d R. 304(a)), allowing appeals from final judgments as to fewer than all claims if the trial court "has made an express written finding that there is no just reason for delaying either enforcement or appeal or both." The trial court's written finding is insufficient to confer jurisdiction on this court because the court's order denying defendants' motion for jury trial does not terminate the litigation between the parties on the entire controversy

or a separate part thereof. "Rule 304(a) requires full resolution of an entire claim *** prior to appeal." *Davis v. Loftus*, 334 Ill. App. 3d 761, 769, 778 N.E.2d 1144, 1151 (2002).

■ This appeal could have been brought pursuant to Supreme Court Rule 308 (155 Ill. 2d R. 308), permitting interlocutory appeals by permission. Rule 308(a) provides, in pertinent part, as follows:

"When the trial court, in making an interlocutory order not otherwise appealable, finds that the order involves a question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, the court shall so state in writing, identifying the question of law involved." 155 Ill. 2d R. 308(a).

The trial court's April 29, 2002, order stated:

"The issue certified for appeal is whether [d]efendant[ ]s, upon proper demand, are entitled to a jury trial in a Jones Act case filed in state court."

It appears the court's intent was to make a finding pursuant to Rule 308. We will therefore consider the trial court's Rule 304 order as the statement prescribed by Rule 308. See *People v. Kruger*, 327 Ill. App. 3d 839, 843, 764 N.E.2d 138, 141 (2002) (effect of trial court's order, not its label, is controlling). Because we find substantial grounds for a difference of opinion on the question of a defendant's right to jury trial in Illinois in an action brought under the Jones Act, we allow the appeal.

## B. The Treatment of Jones Act
## Jury Trial Claims in Illinois

■ Defendants argue the Jones Act does not deny a defendant in a Jones Act case the right to a jury trial, nor does it confer that right exclusively to the plaintiff. Plaintiff argues the substantive law of the Jones Act gives only the plaintiff the right to demand a jury trial. The Jones Act provides, in pertinent part: "Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury." 46 U.S.C. app. § 688(a) (2000). The Fifth District, in *Allen v. Norman Brothers, Inc.*, 286 Ill. App. 3d 1091, 1096, 678 N.E.2d 317, 321 (1997), *appeal denied*, 174 Ill. 2d 553, 686 N.E.2d 1157 (1997), held "[u]nder federal courts' interpretations of the Jones Act, a defendant has no right to a trial by jury." The Fifth District relied on decisions of the Fifth and Ninth Circuit Courts. The United States Court of Appeals for the Fifth Circuit held "the Jones Act gives only the plaintiff the right to choose a jury trial." *Rachal v. Ingram Corp.*, 795 F.2d 1210,

1212 (5th Cir. 1986); see also *Linton v. Great Lakes Dredge & Dock Co.*, 964 F.2d 1480, 1490 (5th Cir. 1992). The Ninth Circuit agreed, holding "[t]he plain language of the Jones Act gives a *plaintiff* the option of maintaining an action at law with the accompanying right to a jury trial" with "no mention of a defendant." (Emphasis in original.) *Craig v. Atlantic Richfield Co.*, 19 F.3d 472, 476 (9th Cir. 1994).

*Craig*, 19 F.3d at 475-76, merely adopted the Fifth Circuit's reasoning in *Rachal*. In *Rachal*, the court held Federal Rule of Civil Procedure 39(a) (Fed. R. Civ. P. 39(a)) did not preclude a Jones Act plaintiff's withdrawal of a jury demand and proceeding in admiralty. *Rachal*, 795 F.2d at 1217. The *Rachal* court did state "that the Jones Act gives only the plaintiff the right to choose a jury trial" (*Rachal*, 795 F.2d at 1212), but that statement was made in the context of a nondiversity action in federal court. *Rachal*, 795 F.2d at 1213. Where, however, "there is diversity jurisdiction in Jones Act cases, both parties have an independent basis for a jury trial *if* the plaintiff has chosen to pursue his Jones Act claim through the 'saving to suitors' clause in a civil action." (Emphasis in original.) *Rachal*, 795 F.2d at 1213. (The "saving to suitors" clause provides "district courts shall have original jurisdiction, exclusive of the courts of the [s]tates, of: (1) [a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333 (2000).) Following *Rachal*, the Fifth Circuit decided *Linton*, where the issue before the court was whether a state law denying trial by jury in suits in an admiralty or general maritime claim brought in state court under the "saving to suitors" clause converted the claim into one within the exclusive admiralty jurisdiction of the federal court. *Linton*, 964 F.2d at 1482-83 & n.1. The court held the state law did not convert the claim to one in admiralty, stating "we see no Article III [(U.S. Const., art. III)], [s]eventh [a]mendment [(U.S. Const., amend. VII)] or federal statutory bar that denies the Jones Act plaintiff in state court the right to a non[ ]jury trial *if state procedure allows it.*" (Emphasis added.) *Linton*, 964 F.2d at 1490.

Neither *Craig*, *Rachal*, nor *Linton* expressly states that only the plaintiff in a Jones Act case filed in state court has the right to elect trial by jury. The Fifth District of our appellate court relied on *Craig* and *Rachal* for its holding "[t]he Jones Act provides [the right to trial by jury] only to the plaintiff/seaman." *Allen*, 286 Ill. App. 3d at 1096, 678 N.E.2d at 321. In *Allen*, the defendant, as do defendants here, argued the Illinois Constitution guarantees him a right to trial by jury (Ill. Const. 1970, art. I, § 13), even in a Jones Act case. *Allen*, 286 Ill. App. 3d at 1095, 678 N.E.2d at 320. The court held that because a Jones Act claim is "a statutory proceeding unknown to the common

law" (*Allen*, 286 Ill. App. 3d at 1096, 678 N.E.2d at 320), "the provisions of the statute govern whether and to what extent there is a right to a jury trial" (*Allen*, 286 Ill. App. 3d at 1096, 678 N.E.2d at 321), and "[t]he *** [a]ct provides such a right only to the plaintiff/seaman" (*Allen*, 286 Ill. App. 3d at 1096, 678 N.E.2d at 321). We disagree.

## C. Statutory Construction of the Jones Act

■ The primary rule of statutory construction is to ascertain and give effect to legislative intent, the best indication of which is the plain and ordinary meaning of the language used. *In re Detention of Lieberman*, 201 Ill. 2d 300, 307-08, 776 N.E.2d 218, 223 (2002). A statute is to be read and considered as a whole such that each section of the statute is examined in relation to other sections. *Burgess v. Board of Fire & Police Commissioners*, 275 Ill. App. 3d 315, 321, 655 N.E.2d 1157, 1161 (1995). Because our decision today involves the construction of a statute, the question before us is one of law, and our review is *de novo. People v. Robinson*, 172 Ill. 2d 452, 457, 667 N.E.2d 1305, 1307 (1996). Under the last antecedent doctrine (sometimes called the last preceding antecedent doctrine), relative or qualifying words or phrases in a statute serve only to modify words or phrases that are immediately preceding and do not modify those that are more remote. *People v. Davis*, 199 Ill. 2d 130, 138, 766 N.E.2d 641, 645 (2002).

■ The Jones Act does not explicitly state only the plaintiff may elect a trial by jury. This would be true if the "election" referred to in the statute was the election of trial by jury. Here, the phrase "at his election" modifies "may *** maintain an action for damages at law." 46 U.S.C. app. § 688(a) (2000). (Prior to the enactment of the Jones Act, seamen were without a remedy in damages for negligence beyond their cure and maintenance, unless the injury was a consequence of the unseaworthiness of the ship or a defect in its equipment. *Allen*, 286 Ill. App. 3d at 1094, 678 N.E.2d at 319, citing *Warner v. Goltra*, 293 U.S. 155, 157-58, 79 L. Ed. 254, 256-57, 55 S. Ct. 46, 47-48 (1934).) The phrase "with the right of trial by jury" is separated from the modifying phrase "at his election" by "maintain an action for damages at law." 46 U.S.C. app. § 688(a) (2000). Therefore, under rules of statutory construction, the election referred to is not the election of a trial by jury. The seaman's election is to proceed in law rather than in admiralty. See *Vasquez*, 271 U.S. at 560, 70 L. Ed. at 1087, 46 S. Ct. at 597 ("the procedural provisions [of the Jones Act] have been construed *** to mean that the new substantive rights may be asserted and enforced either in actions *in personam* against the employers in courts administering common-law remedies *** or in suits in admiralty").

The "new substantive right" created by the Jones Act was the right to recover damages for the negligence of an employer beyond maintenance and cure, not the right to exclusive election of trial by jury. The right to trial by jury is merely an incident of proceeding at law (see *Panama R.R. Co. v. Johnson*, 264 U.S. 375, 391, 68 L. Ed. 748, 754, 44 S. Ct. 391, 395 (1924) ("the injured seaman is permitted, but not required, to proceed on the common[-]law side of the court with a trial by jury as an incident")), whereas there is *no* right to a jury in a proceeding in admiralty (see *Vasquez*, 271 U.S. at 560, 70 L. Ed. at 1087, 46 S. Ct. at 597).

Based on our construction of the statute, we conclude the Jones Act does not limit the right to trial by jury to the plaintiff only. Procedural rules in a Jones Act claim are governed by the forum in which the claim is filed. When filed in admiralty, no party has a right to a jury trial. See *Vasquez*, 271 U.S. at 560, 70 L. Ed. at 1087, 46 S. Ct. at 597. When filed on the law side of the federal court, the right to a jury trial as interpreted by the federal courts attaches (see *Linton*, 964 F.2d at 1490 ("the Jones Act plaintiff can elect a non[ ]jury trial in federal court *** by grounding his suit on federal question jurisdiction *** and not requesting a jury")), and in state court any right to jury trial (or nonjury trial) is governed by state law (see *Linton*, 964 F.2d at 1490 (a Jones Act plaintiff in state court has the "right to a non[ ]jury trial if state procedure allows it"); *Dice v. Akron, Canton & Youngstown R.R. Co.*, 342 U.S. 359, 363, 96 L. Ed. 398, 404, 72 S. Ct. 312, 315 (1952) ("a state may *** provide for trial of cases under [FELA] by a nonunanimous verdict")).

### D. Effect of Our Interpretation

■ The Supreme Court has held " 'federal law takes the state courts as it finds them.' [Citations]." *Howlett v. Rose*, 496 U.S. 356, 372, 110 L. Ed. 2d 332, 351, 110 S. Ct. 2430, 2441 (1990). In Illinois, a plaintiff *or* defendant "desirous of a trial by jury" may "file a demand therefor." 735 ILCS 5/2—1105 (West 2000). Here, defendants filed a jury demand, which was stricken by the trial court on the erroneous belief the Jones Act prohibits a defendant from requesting a trial by jury. Because we hold the defendants are entitled to a jury trial, we find the trial court erred in striking defendants' jury demand.

In light of our decision involving the interpretation of the Jones Act and the applicability of section 2—1105 of the Code of Civil Procedure (735 ILCS 5/2—1105 (West 2000)), we need not address defendants' remaining argument that striking defendants' jury demand violated the equal protection clauses of the United States and Illinois Constitutions.

## III. CONCLUSION

For the reasons stated, we answer the trial court's April 29, 2002, question in the affirmative and remand the case for further proceedings consistent with this opinion.

Question answered and cause remanded.

KNECHT, J., concurs.

PRESIDING JUSTICE MYERSCOUGH, dissenting:

I respectfully dissent. The Jones Act gives only the plaintiff the right to demand a jury trial. The majority and defendants cite no state or federal authority for the position that a defendant in a Jones Act case has a statutory right to a jury trial in state court. The majority's decision is contrary to the overwhelming weight of both federal and state court decisions. *Allen v. Norman Brothers, Inc.*, 286 Ill. App. 3d 1091, 678 N.E.2d 317 (1997), *appeal denied*, 174 Ill. 2d 553, 686 N.E.2d 1157 (1997); *Gibbs v. Lewis & Clark Marine, Inc.*, 298 Ill. App. 3d 743, 700 N.E.2d 227 (1998); *Hanks v. Luhr Brothers, Inc.*, 303 Ill. App. 3d 661, 707 N.E.2d 1266 (1999), *appeal denied*, 184 Ill. 2d 556, 714 N.E.2d 527 (1999), *cert. denied*, 528 U.S. 966, 145 L. Ed. 2d 314, 120 S. Ct. 402 (1999); *Hearn v. American River Transportation Co.*, 303 Ill. App. 3d 619, 707 N.E.2d 1283 (1999), *appeal denied*, 184 Ill. 2d 557, 714 N.E.2d 527 (1999); *Craig v. Atlantic Richfield Co.*, 19 F.3d 472 (9th Cir. 1994), *cert. denied*, 513 U.S. 875, 130 L. Ed. 2d 133, 115 S. Ct. 203 (1994); *Linton v. Great Lakes Dredge & Dock Co.*, 964 F.2d 1480, 1490 (5th Cir. 1992), *cert. denied*, 506 U.S. 975, 121 L. Ed. 2d 375, 113 S. Ct. 467 (1992); *Rachal v. Ingram Corp.*, 795 F.2d 1210 (5th Cir. 1986).

As indicated above, however, several federal courts have found that only a plaintiff has a right to a jury trial. "[F]ederal court decisions interpreting a federal act are actually *binding* upon Illinois courts." (Emphasis in original.) *Sundance Homes, Inc. v. County of Du Page*, 195 Ill. 2d 257, 276, 746 N.E.2d 254, 266 (2001). It is improper for this state appellate court to interpret a federal statute contrary to interpretations made by federal appellate courts. *Sundance*, 195 Ill. 2d at 276, 746 N.E.2d at 266.

Moreover, the right to a jury trial in Jones Act cases is substantive, not procedural. *Dice v. Akron, Canton & Youngstown R.R. Co.*, 342 U.S. 359, 363, 96 L. Ed. 398, 404, 72 S. Ct. 312, 315 (1952); *Allen v. Norman Brothers, Inc.*, 286 Ill. App. 3d 1091, 678 N.E.2d 317 (1997), *appeal denied*, 174 Ill. 2d 553, 686 N.E.2d 1157 (1997); *Gibbs v. Lewis & Clark Marine, Inc.*, 298 Ill. App. 3d 743, 750, 700 N.E.2d 227, 233 (1998). Federal substantive law governs this issue and holds that only

the plaintiff in a Jones Act case has the right to demand a trial by jury. *Craig*, 19 F.3d 472; *Linton*, 964 F.2d 1480; *Rachal*, 795 F.2d 1210. It may be that the majority of this court disagree with the federal courts' interpretation of the Jones Act, but it is not their place to substitute their interpretation for federal courts' interpretation of a federal statute. *Sundance*, 195 Ill. 2d 527, 746 N.E.2d 254.

Even if the Jones Act statute itself does not prohibit a Jones Act defendant from requesting a jury trial, nothing in the statute gives the defendant a "right" to a jury trial. Furthermore, nothing in Illinois state law guarantees a defendant in all types of cases a jury trial, except in those cases where the right existed at common law. The majority opinion, while not expressly stating so, appears to agree that Jones Act claims did not exist at common law. Therefore, Jones Act defendants are not guaranteed the right to a jury trial by the Illinois Constitution. *Martin v. Heinold Commodities, Inc.*, 163 Ill. 2d 33, 643 N.E.2d 734 (1994).

The majority look to the Jones Act to try to find a "right" to a jury trial for the defendant. Making their own interpretation of a federal statute, directly contrary to what federal courts have held, the majority find a "right" to a jury trial in the language of the Jones Act. As discussed above, a state appellate court "overruling" direct federal authority in interpretation of a federal statute is improper.

The majority next look to state procedure (735 ILCS 5/2—1105 (West 2000)) for support of their position. Section 2—1105(a) says, "A defendant desirous of a trial by jury must file a demand therefor not later than the filing of his or her answer." 735 ILCS 5/2—1105 (West 2000). This statute merely provides the procedure by which a party may advise the court of its desire for a jury trial. *Roszell v. Gniadek*, 348 Ill. App. 341, 343-44, 109 N.E.2d 222, 224 (1952). It says nothing whatsoever about whether a party is entitled to a jury trial in any given action.

Accordingly, I would answer the certified question in the negative.