NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 230166-U

NO. 4-23-0166

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
January 5, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| CYNTHIA SAMAHA, | ) | Appeal from the |
|     Plaintiff-Appellee, | ) | Circuit Court of |
|       v. | ) | Peoria County |
| BRIAN BURNSIDE, | ) | No. 22EV1527 |
|     Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Bruce P. Fehrenbacher, |
| | ) | Judge Presiding. |

_____

JUSTICE LANNERD delivered the judgment of the court.
Justices Steigmann and Zenoff concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The appellate court dismissed defendant's appeal for lack of jurisdiction.

¶ 2    Defendant, Brian Burnside, *pro se* appeals from trial court orders continuing the case for a bench trial and evicting defendant from the rental property of plaintiff, Cynthia Samaha. Although an appellee's brief has not been filed, we may consider this appeal under the principles set forth in *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976). We conclude we lack jurisdiction over this matter and dismiss the appeal.

¶ 3                     I. BACKGROUND

¶ 4    The record on appeal does not contain a report of proceedings, a bystander's report, or an agreed statement of facts of the trial court proceedings. See Ill. S. Ct. R. 323(a), (c), (d) (eff. July 1, 2017) (permitting a bystander's report or an agreed statement of facts in lieu of a report of proceedings). The following facts appear only in the common law record.

¶ 5          In December 2022, plaintiff filed an eviction complaint against defendant and Nicole Burnside, who is not a party to this appeal. According to the complaint, plaintiff leased to defendant the premises located at 1502 W. Tiffany Court, Unit 4, in Peoria, Illinois (the premises). The complaint sought $5400 for past-due rent and possession of the premises. Plaintiff attached to the complaint a copy of the five-day notice to quit along with an affidavit of service.

¶ 6          The record next details a series of failed attempts to serve a copy of the summons on defendant, who appeared to be evading service of process. After several unsuccessful attempts at service when someone was inside the premises but refused to answer the door, the trial court granted plaintiff's motion for service of process by posting. The order directed the Peoria County Sheriff's Office to post three copies of the summons in public places and to mail a copy of the summons to the premises.

¶ 7          On February 13, 2023, defendant, acting *pro se*, filed an "Affidavit," which was not notarized, and a request for court records in the trial court. Neither filing included a demand for jury trial. Defendant also filed a motion to defend as a poor person without paying filing fees, which the court granted.

¶ 8          On February 14, 2023, the trial court entered a written order continuing the case for a bench trial on March 9, 2023. That same day, defendant filed a motion to vacate the February 14 order, a motion to dismiss, and a motion for jury trial.

¶ 9          Thereafter, plaintiff filed a motion for summary judgment, requesting possession of the premises and damages in the amount of $6325 for past-due rent plus costs. Plaintiff attached an affidavit stating she was the owner of the premises, which she leased to defendant pursuant to an oral lease, and rent was $575 per month. On February 21, 2023, the trial court, in a written order, again continued the matter for a bench trial on March 9, 2023.

¶ 10 On February 22, 2023, defendant filed a notice of appeal from the trial court's February 14 and February 21 orders. Defendant also filed a notice of removal to federal court. On March 8, 2023, defendant filed a motion to substitute judge. Due to the filing of this motion, the bench trial date was vacated, and a hearing date was scheduled for March 27.

¶ 11 On March 22, 2023, the United States District Court for the Central District of Illinois remanded this case back to the trial court based on lack of subject matter jurisdiction over a state eviction proceeding. The district court further imposed sanctions on defendant in the amount of $1000 and barred him from filing civil lawsuits in the district court until he paid the sanctions in full, admonishing defendant for his history of frivolous filings.

¶ 12 The next day, defendant filed in the trial court an unnotarized "Affidavit" titled "Attorney No Authority." Defendant claimed plaintiff's counsel and the court had "no authority or jurisdiction to proceed in this matter" based on the filing of defendant's notice of appeal on February 22, 2023.

¶ 13 Defendant failed to appear on March 27, 2023, for the hearing on his motion to substitute judge. Based on his failure to appear, the trial court entered a written order denying defendant's motion.

¶ 14 In April 2023, plaintiff filed a motion to set trial and to allow her to appear by Zoom. Plaintiff alleged defendant filed the March 8, 2023, motion to substitute judge in bad faith in order to delay the trial. Plaintiff also argued defendant's notice of appeal was improper as there was no final order and defendant's grounds for appeal did not meet the requirements for an interlocutory appeal. The final page of the appellate record, dated April 11, 2023, indicates defendant was notified of a hearing set for later that month on plaintiff's motion to set trial and motion to allow plaintiff to appear by Zoom. No further filings appear in the common law record.

¶ 15    II. ANALYSIS

¶ 16    On appeal, defendant contends that the trial court (1) denied him his right to a jury trial and (2) lacked jurisdiction to enter a May 23 order evicting him from the premises.

¶ 17    Before addressing defendant's claims, we must establish whether this court has jurisdiction over this appeal. Defendant, without further argument, asserts our jurisdiction arises under Illinois Supreme Court Rule 308 (eff. Oct. 1, 2019). However, we have an independent duty to ascertain whether we have jurisdiction before considering the merits of this appeal. *In re Estate of Prunty*, 2018 IL App (4th) 170455, ¶ 19 (citing *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 213 (2009)). We conclude we lack jurisdiction over defendant's claims and dismiss the appeal.

¶ 18    "The Illinois Constitution confers on the appellate court the jurisdiction to hear appeals from all final judgments entered in the circuit court." *In re Marriage of Fatkin*, 2019 IL 123602, ¶ 26 (citing Ill. Const. 1970, art. VI, § 6); Ill. S. Ct. R. 301 (eff. Feb. 1, 1994). "A judgment or order is 'final' if it disposes of the rights of the parties, either on the entire case or on some definite and separate part of the controversy." *Dubina v. Mesirow Realty Development, Inc.*, 178 Ill. 2d 496, 502 (1997). "[A]bsent a supreme court rule, the appellate court is without jurisdiction to review judgments, orders, or decrees that are not final." *Blumenthal v. Brewer*, 2016 IL 118781, ¶ 22.

¶ 19    Defendant's notice of appeal identified only the February 14 and 21, 2023, bench trial orders. An order for bench trial is nonfinal, as it "does not terminate the litigation between the parties on the entire controversy or a separate part thereof." *Hutton v. Consolidated Grain & Barge Co.*, 341 Ill. App. 3d 401, 403-04 (2003) (stating the same for an order denying a motion for jury trial). Furthermore, defendant has not argued that any of the Illinois Supreme Court rules

permitting an interlocutory appeal apply in this case. Accordingly, we lack jurisdiction to address defendant's jury trial claim.

¶ 20 Additionally, we also lack jurisdiction to address defendant's claim concerning a May 23 order. Illinois Supreme Court Rule 303(b)(2) (eff. July 1, 2017) provides that a notice of appeal "shall specify the judgment or part thereof or other orders appealed from and the relief sought from the reviewing court." The appellate court cannot review judgments or issues that are not specified in the notice of appeal. *Diocese of Quincy v. Episcopal Church*, 2014 IL App (4th) 130901, ¶ 35. As noted above, defendant's notice of appeal identified only the February 14 and 21, 2023, orders.

¶ 21 Moreover, the record does not contain any filings dated after April 11, 2023, meaning we do not have a copy of the alleged May 23 order in the record. Defendant attempts to remedy this deficiency by referencing a May 23 order in his brief and as an appendix to his brief. However,

> "a reviewing court will not supplement the record on appeal with the documents attached to the appellant's brief on appeal as an appendix, where there is no stipulation between the parties to supplement the record and there was no motion in the reviewing court to supplement the record with the material." *Pikovsky v. 8440-8460 North Skokie Boulevard Condominium Ass'n*, 2011 IL App (1st) 103742, ¶ 16.

Accordingly, due to the insufficient notice of appeal and incomplete record, we lack jurisdiction to address defendant's claim regarding a May 23 order.

¶ 22 In sum, we lack jurisdiction to consider defendant's claims. We must therefore dismiss the appeal.

## III. CONCLUSION

For the reasons stated, we dismiss the appeal.

Appeal dismissed.